

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO.:

FILED BY

2009 APR 23  PH 2: 42

STEVEN ........
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

SHAWN KATHCART, on his own
behalf and others similarly situated,

    Plaintiff,

v.

FIRST UNIVERSAL LENDING, LLC,
a Florida Limited Liability Company, DAVID
FEINGOLD, individually, SEAN ZAUSNER,
individually, jointly and severally,
    Defendants.

_____/

# 09-80608

## CIV-RYSKAMP

### MAGISTRATE JUDGE
### VITUNAC

## **COMPLAINT**

1.     Plaintiff, SHAWN KATHCART (hereinafter referred to as "Plaintiff"), was an employee of Defendants, FIRST UNIVERSAL LENDING, LLC, a Florida Limited Liability Company, DAVID FEINGOLD, and SEAN ZAUSNER (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2.     Plaintiff performed non-exempt work as a loan officer/consultant for mortgages or debt consolidation , and related duties for Defendants in Palm Beach County, Florida.

3.     The Defendants regularly do business in Palm Beach County, Florida, and are therefore within the jurisdiction of this Court.

4.     This action is brought to recover from Defendants overtime wages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of 29 U.S.C. §216(b).

5.        Jurisdiction is conferred on this Court by 28 U.S.C. §§1337 and 1367 and by 29 U.S.C.§216(b).

6.        At all times material to this Complaint, FIRST UNIVERSAL LENDING, LLC was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

7.        Based upon information and belief, the annual gross sales volume of FIRST UNIVERSAL LENDING, LLC, was in excess of $500,000.00 per annum at all times material to this Complaint.  Additionally, Plaintiff was himself individually engaged in commerce at all times material to this Complaint.

8.        At all times material hereto, defendants, DAVID FEINGOLD and SEAN ZAUSNER, owned, managed and/or operated  FIRST UNIVERSAL LENDING, LLC, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and/or control the finances and operations of FIRST UNIVERSAL LENDING, LLC.   By virtue of such control and authority, DAVID FEINGOLD and SEAN ZAUSNER were employers of Plaintiff as such term is defined by the FLSA.  29 U.S.C. §201 et seq.

## Collective Action Allegations

9.        The plaintiff brings this collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of Title 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated between March 2006 and the present.

10.        The asserted class for this collective action includes all current and former

2

employees similarly situated to Plaintiff, which includes all loan officers and/or debt consolidators, however titled, employed by Defendants in a non-exempt capacity in furtherance of the business of Defendants and who worked in excess of Forty (40) hours during one or more work weeks on or after March 2006 and did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

11.     In the course of their employment with Defendants during the material time, Plaintiff and the other employees in the asserted class regularly worked overtime hours (that is, hours in excess of Forty (40) hours per workweek, referred to herein as "overtime hours") and were not paid overtime compensation at the lawful overtime rate (the "overtime rate") for all of the overtime hours worked.

12.     The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such employees should be in the possession and custody of Defendants.

13.     At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other employees in the asserted class the compensation to which they were lawfully entitled for all of the hours worked in excess of Forty (40) within a workweek.

## Attorney's Fees

14.     Plaintiff has retained Morgan and Morgan, P.A. to represent him individually and on behalf of the asserted class.. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

3

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 14 above as if fully set forth herein.

16.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

17.     Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

18.     By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

19.     As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

20.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, SEAN KATHCART, and those similarly situated to him who have or will opt into this action, demands judgment against Defendants, FIRST UNIVERSAL LENDING, LLC, DAVID FEINGOLD, and SEAN ZAUSNER, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and

4

reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

Respectfully submitted,
March 2, 2009
Davie, Florida

_____

RICHARD CELLER, ESQ.
FL Bar No.:  0173370
Morgan & Morgan P.A.
6840 Griffin Roa
Davie, FL 33314
Tel: 954-318-0267
Fax: 954-333-3515
rceller@forthepeople.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:

SHAWN KATHCART, on his own
behalf and others similarly situated,

     Plaintiff,

v.

FIRST UNIVERSAL LENDING, LLC,
a Florida Limited Liability Company, DAVID
FEINGOLD, individually,  SEAN ZAUSNER,
individually, jointly and severally,
     Defendants.

_____/

## NOTICE OF FILING NOTICE OF CONSENT TO JOIN

     Plaintiff, SHAWN KATHCART, gives notice of filing his Notice of Consent to

Join the above-styled lawsuit.

     DATED  this 2nd, day of  March 2009.

Richard Celler, of Counsel
FL Bar No.: 0173370
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, Florida 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: RCeller@forthepeople.com

Trial Counsel for Plaintiffs

## NOTICE OF CONSENT TO JOIN

The undersigned, _Shawn Kathcart_, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

<u>CLIENT SIGNATURE</u>

RUSI

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
SHAWN KATHCART, on his own behalf and others similarly situated,

**DEFENDANTS**
FIRST UNIVERSAL LENDING, LLC, a Florida Limited Liability Company, DAVID FEINGOLD, Individually SEAN ZAUSNER, Individually; jointly and several

**(b)** County of Residence of First Listed Plaintiff   Port Saint Lucie
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Morgan and Morgan            Phone: 954-318-0268
6824 Griffin Road
Davie, Florida 33314

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE / HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

WPB 09CV 80608 - Dy Seren/Hunnar

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE                          DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
29 U. S. C. sect. 216(b) Action for Unpaid Overtime Wages

LENGTH OF TRIAL via  4  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unknown at this time
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE  3/2/09

FOR OFFICE USE ONLY
AMOUNT  350    RECEIPT #  999572    IFP