UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:09-cv-80608-KLR

SHAWN KATHCART, on his own
Behalf and others similarly situated,

    Plaintiff,

v.

FIRST UNIVERSAL LENDING, LLC,
a Florida Limited Liability Company,
DAVID FEINGOLD, individually, SEAN
ZAUSNER, individually, jointly and severally,

    Defendants.

_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE ANSWERS TO COURT INTERROGATORIES

COMES NOW, the Defendants, FIRST UNIVERSAL LENDING, LLC, a Florida Limited Liability Company ("First Universal"), DAVID FEINGOLD, individually ("Feingold"), and SEAN ZAUSNER ("Zausner"), individually, jointly and severally (collectively, "Plaintiffs"), by and through their undersigned counsel and hereby files their Response in Opposition to Plaintiff's, SHAWN KATHCART, on his own behalf and others similarly situated ("Kathcart" or "Plaintiff"), Motion for Enlargement of Time to File Answers to Court Interrogatories, and in support thereof sets forth the following:

### MEMORANDUM OF LAW

The undersigned law firm would not ordinarily oppose Plaintiff's Motion for Enlargement of Time to File Answers to Court Interrogatories ("Plaintiff's Motion for Enlargement") (D.E. 5), however, in this case, it is so abundantly clear that this lawsuit

was **required** to be brought in *arbitration*, rather than federal court, that Defendants' opposition is compulsory. As previously explained in Defendants' Motion to Dismiss Complaint, Motion to Compel Arbitration, and Request for Court to Retain Jurisdiction to Hold Hearing on Recovery of Attorney's Fees for Filing Frivolous Litigation ("Defendants' MTC Arbitration") (D.E. 4), the Plaintiff's complaint vaguely describes in 'boiler-plate' language Defendants' alleged failure to fully compensate Plaintiff, Shawn Kathcart, overtime wages pursuant to Title 29 U.S.C. §§ 201 – 209.

Notwithstanding the unsubstantiated nature of this claim, the most important fact for this Court to understand is that Kathcart executed a written employment agreement on his first day of employment with First Universal, which specifically provides that "[A]ny disputes between the company, its officers, directors, agents or affiliates and any associate may **only be resolved in *arbitration* under the rules of the American Arbitration Association with venue only appropriate in Palm Beach County, Florida**." (Emphasis added). (*See*, Exhibit "A", p. 2, ¶ 2 attached to D.E. 4). There is simply no defense that Plaintiff can raise to enforcement of the binding arbitration clause.

Hence, it is a complete and utter misuse of this Court's time to even consider Plaintiff's Motion for Enlargement, as Plaintiff's counsel openly admitted he was aware of Kathcart's employment agreement prior to filing this lawsuit, however, he chose to ignore it in an attempt to extort monies from the Defendants. (*See*, D.E. 4, p. 6). Not only should this Court deny Plaintiff's request, it should [respectfully] expeditiously rule in favor of Defendants' MTC Arbitration in its entirety; retaining jurisdiction to hear Defendants' forthcoming motion for recovery of attorney's fees and costs. (*See*, D.E. 4). Should this Court choose to grant Plaintiff's request for enlargement, it should be

*extremely* short. Lastly, undersigned wishes to remind this Court that the instant action is a classic shake-down by a wage and hour law firm to quickly extort attorney's fees through an undeserved settlement; however, instead of giving in, the Defendants have chosen to enforce the language of the Plaintiff's employment agreement, which strictly requires arbitration of **ANY disputes** between the Defendants and Mr. Kathcart. Once more, this Court should be appalled by Plaintiff's counsel's behavior.

WHEREFORE, Defendants request this Court deny Plaintiff's Motion for Enlargement of Time to File Answers to Court Interrogatories, grant their Motion to Dismiss, Motion to Compel Arbitration, and/or Request for Court to Retain Jurisdiction to Hold Hearing on Recovery of Attorney's Fees for Filing Frivolous Litigation, and for such further relief as this Court deems necessary.

Dated: May 18, 2009

Respectfully Submitted,

  s/ David J. Feingold
David J. Feingold, Esquire
FBN: 0892823
Adam R. Schloss, Esquire
FBN: 0042161
Feingold & Kam
5100 PGA Boulevard
Second Floor
Palm Beach Gardens, FL 33418
Phone: (561) 630-6727
Fax: (561) 630-8936
Email: david@fkfirm.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF on this 18th day of May, 2009 to: RICHARD CELLER, ESQ., Morgan & Morgan, P.A., 6824 Griffin Road, Davie, FL 33314.

s/ David J. Feingold
David J. Feingold, Esquire
FBN: 0892823
Adam R. Schloss, Esquire
FBN: 0042161
Feingold & Kam
5100 PGA Boulevard
Second Floor
Palm Beach Gardens, FL 33418
Phone: (561) 630-6727
Fax: (561) 630-8936
Email: david@fkfirm.com
